IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOSE SALOMON ARREOLA-AMAYA | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv213 |
| FEDERAL BUREAU OF PRISONS | § | |

REPORT AND RECOMMENDATION
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Jose Salomon Arreola-Amaya, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Factual Background</u>

Petitioner states that on February 26, 2002, he pled guilty to two criminal offenses in the 400th District Court of Fort Bend County, Texas. The state court deferred adjudication and placed petitioner on probation for 10 years. Six weeks later, petitioner was arrested by agents of the Immigration and Naturalization Service ("INS") and deported. As a result of his deportation, he was unable to comply with the terms of his release on probation.

In May, 2003, INS agents arrested petitioner for illegally reentering this country after having been deported. After his arrest, petitioner was sent to Fort Bend County, where the prosecution asked that his release on probation be revoked. On July 23, 2003, the state court declined the

prosecution's request because petitioner had not been convicted of a crime after having been released on probation.

On August 6, 2003, an indictment was returned in the United States District Court for the Southern District of Texas charging petitioner with illegally reentering this county after having been deported. Petitioner pled guilty to this charge on March 15, 2004. On July 29, 2004, petitioner was sentenced to 51 months imprisonment. On August 23, 2004, petitioner was transferred to the custody of state officials in Fort Bend County.

On December 21, 2004, the state court revoked petitioner's release on probation, found him guilty of the offenses with which he was originally charged and sentenced him to 25 years imprisonment. The state court stated that petitioner would serve his state sentence after completing his federal sentence.

Despite this statement by the state court, petitioner was transferred to the Texas Department of Criminal Justice, Correctional Institutions Division. On February 6, 2013, petitioner asked the Bureau of Prison to give him credit toward his federal sentence for time spent in state custody. The Bureau considered petitioner's request as a request for a *nunc pro tunc* designation of petitioner's state institution as the place where his federal sentence was being served and refused petitioner's request.

The court previously denied the petition. The United States Court of Appeals for the Fifth Circuit agreed with the court's conclusion that petitioner was not entitled to credit towards his federal sentence for the time he spent in federal and state custody up until the date of his federal sentencing because he received credit towards his state sentence for this period of time. The Fifth Circuit also agreed petitioner was not entitled to credit toward his federal sentence for the period

after he was returned to state custody subsequent to his federal sentencing. However, the Fifth Circuit remanded the petition for a determination as to whether petitioner should receive credit for his federal sentence for the time period beginning on July 29, 2004, the date of his federal sentencing, and ending on August 23, 2004, the date he was transferred to state custody.[1]

<u>Analysis</u>

Attached to the respondent's answer is a declaration from David Miranda, the Operations Manager for the Bureau of Prisons' Designation and Sentence Computation Center. Mr. Miranda states, in part, as follows:

> Two separate determinations must be made when calculating an inmate's sentence: the date the federal sentence commences and to what extent the inmate can receive credit for time spent in custody prior to the commencement of the sentence.
>
> For Prison Litigation ("PLRA") sentences (imposed for offenses committed on or after April 26, 1996), the date the federal sentence commences is governed by Title 18 U.S.C. § 3585(a), BOP Program Statement 5880.28, *Sentence Computation Manual (CCA of 1984)*, and, if ordered to run concurrently with a non-federal sentence, by BOP Program Statement 5160.05, *Designation of State Institution for Service of Federal Sentence.*
>
> A federal inmate's PLRA sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).
>
> Central to determining the commencement date of the federal sentence is whether the inmate was in primary federal or primary state custody at the time the federal sentence was imposed. When state and federal sentences are imposed on an offender, the general rule is that the sentence imposed by the sovereign with primary jurisdiction is served first.
>
> When a state has primary custody of a defendant and the federal sentence is expressly ordered to run consecutively to a state sentence, the federal sentence

---

[1]     In its opinion, the Fifth Circuit said petitioner was transferred to state custody on September 18, 2004. However, documents subsequently filed by the respondent demonstrate the transfer actually occurred on August 23, 2004.

commences when the inmate has satisfied the state sentence and is released to federal officials for service of the federal sentence.

For PLRA sentences, prior custody credit is governed by Title 18 U.S.C. § 3585(b) and Program Statement 5880.28.

Time spent in custody pursuant to a federal writ of habeas corpus *ad prosequendum* is not in and of itself considered for the purpose of crediting presentence time since the inmate is not in the primary custody of the federal government. The federal court merely borrows the inmate from the state for secondary custody.

Any period of time in which an individual is held by the Bureau of Immigration and Customs Enforcement ("BICE") authorities is under the provisions of Title 8 U.S.C. § 1252 and is solely a civil matter. Therefore, this time is not creditable as "official detention" as provided in Title 18 U.S.C. § 3585(b).

Petitioner, Jose Arreola-Amaya, is currently housed at the Texas Department of Criminal Justice Eastham facility in Lovelady, Texas.

On February 26, 2002, the Petitioner received a judgment of deferred adjudication with 10 years probation in the 400th District of Fort Bend County, Texas.

The federal Pre-Sentence Investigation Report ("PSR") indicates the Petitioner was deported from the United States to Mexico on July 16, 2002.

The PSR also indicates that on June 27, 2003, Petitioner was detained by BICE agents for illegally entering the United States and thereafter was held in the administrative custody of BICE.

On July 23, 2003, the State of Texas moved to revoke Petitioner's deferred adjudication and an *Alias Capias* Warrant was issued for the Petitioner's arrest.

The warrant was executed on July 31, 2003, and the PSR indicates the Petitioner was transferred to the Fort Bend County Jail in response to this warrant. As a result of this transfer, the Petitioner's custody converted from the administrative, civil custody of BICE to the State of Texas's custody in a criminal matter and the State of Texas obtained primary jurisdiction over the Petitioner.

On August 26, 2003, an Indictment was issued in the United States District Court for the Southern District of Texas, charging petitioner with one count of Illegal Reentry After Deportation, in violation of 8 U.S.C. § 1362(a).

On January 13, 2004, the United States petitioned for a Writ of Habeas Corpus *ad Prosequendum*. The federal writ was issued on January 14, 2004.

The United States Marshals Service ("USMS") obtained temporary custody of the Petitioner from the Fort Bend County Jail pursuant to the federal writ on January 16, 2004.

Petitioner pled guilty to the sole count of the federal indictment on March 15, 2004.

On July 29, 2004, Petitioner received a 51-month federal sentence. The Judgment was silent on the issue of whether the sentence was to run concurrently with or consecutively to the yet-to-be imposed State of Texas sentences upon revocation of Petitioner's deferred adjudication.

In satisfaction of the federal writ, the USMS returned the Petitioner to the custody of the Fort Bend County Jail on August 23, 2004.

While in temporary federal custody pursuant to the federal writ, the USMS boarded the Petitioner at the BOP's Federal Detention Center in Houston, Texas ("FDC Houston").

At no time during this process was the Petitioner in federal custody to begin service of his federal sentence. From January 16, 2004 until Marsh 15, 2004, the USMS considered the Petitioner to be in pretrial status. After he entered a guilty plea, from March 15, 2004 until July 29, 2004, the USMS considered the Petitioner's status as awaiting sentence ("WT-SENT"). After sentencing on July 29, 2004, and until August 23, 2004, the Petitioner's status was that of awaiting the federal Judgment and Commitment Order ("WT-J/C"). Cumulatively, the USMS coded the Petitioner as being housed by the USMS at FDC Houston from January 16, 2004 until August 23, 2004, pursuant to the writ of habeas corpus *ad prosequendum* ("WHCAP FRM FTB").

On December 21, 2004, in the 400th District Court of Fort Bend County, Texas, the Petitioner was found guilty and sentenced to 20 years confinement on Count I, to commence when the federal sentence ceases to operation, and 5 years confinement on Count II, to be served consecutively to Count I.

On March 8, 2005, the State of Texas issued a Judgment and awarded the Petitioner 645 days of credit (as of March 4, 2005) toward his state sentence.

The State of Texas applied these days of credit by backing up the commencement of the Count 1 sentence by 645 days prior to December 21, 2004 (the date of sentencing) and commencing it on March 17, 2003.

Petitioner submitted to the DSCC a request for his federal sentence to run concurrently with his state sentence and requested the BOP designate the state institution for service of his federal sentence. Therefore, the BOP contacted the

sentencing Court and requested its position regarding retroactive designation, which if granted, would result in commencement of the federal sentences on a date which would result in the immediate satisfaction of the federal sentence.

The sentencing Court responded to the request, referencing Title 18 U.S.C. § 3584, and recommended the Petitioner not be returned to federal custody until he completed his state term of imprisonment.

The BOP considered the sentencing Court's recommendation and the other factors of Title 18 U.S.C. § 3621(b) and denied the request for retroactive designation.

The Petitioner has not completed his state sentences and entered federal custody for service of his federal sentence; therefore, the BOP has not yet calculated his federal sentence.

Because the Petitioner was in the primary custody of the State of Texas at the time his federal sentence was imposed, and in accordance with Title U.S.C. § 3584(a), the BOP will not commence the Petitioner's federal sentence until he is released by the State of Texas and received into federal custody for service of his federal sentence. Therefore, he will not receive credit toward his federal sentence from July 29, 2004 through August 23, 2004, the dates he continued to be housed at FDC Houston post-sentencing pursuant to the federal writ while the USMS awaited receipt of the Judgment and Commitment Order.

Petitioner is also prohibited by Title 18 U.S.C. § 3585(b) from receiving prior custody credit toward his federal sentence for the time he was on loan to the USMS from the State of Texas via the federal writ (January 16, 2004 until August 23, 2004) because the State of Texas had already given the Petitioner credit toward his state probation revocation sentence(s) for the time spent in federal custody pursuant to the writ.

Mr. Miranda has also submitted a supplemental declaration which states, in part, as follows:

In his Response, Petitioner alleges his custody with the Bureau of Immigration and Customs Enforcement ("BICE") became criminal in nature no later than July 14, 2003, the date BICE indicated via letter that the U.S. Attorney's Officer had accepted his [illegal re-entry] case for prosecution. As a result, and because the date of this letter preceded the State of Texas' Motion to Adjudicate Guilt and the issuance of a capias warrant, Petitioner contends he was in the primary custody of the federal government. Petitioner further claims he was denied bail in his State of Texas [proceeding] based solely on his federal detainer and, therefore, must be given credit for this time toward his federal sentence.

6

Ordinarily, any period of time in which an individual is held by the BICE authorities is under the provisions of Title 8 U.S.C. § 1252 and is solely a civil matter and the time would not be creditable as "official detention" under 18 U.S.C. § 3585(b). However, if the BOP determines that the nature of the detention became criminal in nature instead of just civil, the inmate may be eligible for prior custody credit under 18 U.S.C. § 3585(b).

In this case, the Petitioner has submitted a letter, dated July 14, 2003, which indicates the U.S. Attorney's Office had accepted his case for criminal prosecution. Therefore, the BOP will consider the Petitioner's detention by BICE to have become criminal in nature on July 14, 2003.

The BOP will further consider the Petitioner to have been in the primary jurisdiction of the federal government on July 14, 2003. However, the federal government relinquished its primary jurisdiction over the Petitioner on Jul 31, 2003, when it turned the Petitioner over to the State of Texas on their capias warrant, which was issued on July 23, 2003.

Because the Petitioner was in the primary custody of the federal government from July 14, 2003, until the date the federal government relinquished its primary custody to the State of Texas-July 31, 2003, the BOP will grant the Petitioner credit toward his federal sentence from July 14, 2003 until July 31, 2003, even though the State of Texas has also granted him credit toward his State sentence for this same time.

Once the State of Texas obtained primary custody over Petitioner, it retained such jurisdiction as there has been no relinquishment of its jurisdiction via bail, release, parole, or other agreement between the State of Texas and the federal government to transfer jurisdiction. The USMS obtained temporary custody over the Petitioner via a federal writ of habeas corpus *ad prosequendum*.

Because the State of Texas granted the Petitioner credit toward his State of Texas sentences for all time since May, 2003, and because the Petitioner was in the primary custody of the State of Texas when he was sentenced in federal court, the Petitioner is entitled to no further credit toward his federal sentence other than from July 14, 2003, through July 31, 2003.

<u>Analysis</u>

The record demonstrates that the State of Texas acquired primary jurisdiction over petitioner on July 3, 2003, when an *alias capias warrant* for petitioner's arrest was issued and he was transferred to the Fort Bend County Jail.[2]  Federal authorities "borrowed" petitioner pursuant to a writ of habeas corpus *ad prosequendum* from January 16, 2004, through August 23, 2004, when petitioner was returned to the custody of state authorities.  As a result, petitioner was never in either exclusive or primary federal jurisdiction after he was sentenced on July 29, 2004.  Further, the record demonstrates petitioner received credit towards his state sentence for all time after his federal sentencing.  An inmate is not entitled to credit toward a federal sentence for time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*.  *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).

The record shows petitioner received credit toward his state sentence for the period beginning on July 29, 2004, the date of his federal sentencing, and ending on August 23, 2004, the date he was returned to state custody.  He was not in exclusive or primary federal custody during this time period.  As a result, he is not entitled to credit toward his federal sentence for this time period.  This petition should therefore be denied.

Recommendation

---

[2]     In objections to a prior Report and Recommendation, petitioner asserted that after he was detained by BICE agents on June 27, 2003, he remained in federal custody.  He contends the State of Texas did not acquire primary jurisdiction when he was transferred to the Fort Bend County Jail and that it was the state that "borrowed" him from federal custody.  However, petitioner's detention by BICE agents was administrative and civil in nature rather than criminal.  *Ramirez-Osorio v. INS*, 745 F.2d 937, 944 (5th Cir. 1984) ("A deportation proceeding is a civil, not criminal matter.").  As his detention was administrative and civil at that point, the State of Texas acquired primary criminal jurisdiction over petitioner when he was transferred to the Fort Bend County Jail pursuant to the warrant issued by state authorities for his arrest.  The State of Texas did not thereafter relinquish primary custody over petitioner and it was the federal government who "borrowed" him from the state.  He was therefore not in primary federal custody at the time of his federal sentencing.

This petition for writ of habeas corpus denied.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 10th day of March, 2021.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE