| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

JOSE SALOMON ARREOLA-AMAYA, §
§
　　　　Petitioner, §
§
*versus* § CIVIL ACTION NO. 9:13-CV-213
§
FEDERAL BUREAU OF PRISONS, §
§
　　　　Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

　　Jose Salomon Arreola-Amaya, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The court referred this matter to a United States Magistrate Judge for consideration pursuant to applicable laws and orders of this court.  The magistrate judge submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

　　The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence.  Petitioner filed objections to the Report and Recommendation.  The court must therefore conduct a *de novo* review of the objections in light of the pleadings and the applicable law.

　　Petitioner was previously convicted of state and federal offenses.  He sought credit towards his federal sentence for the period beginning in May 2003, when he was arrested.  The court entered a Final Judgment denying the petition.  The United States Court of Appeals for the Fifth Circuit affirmed the judgment in part and vacated the judgment in part.  The Fifth Circuit agreed that petitioner was not entitled to credit for the period beginning in May 2003, and ending on July 29, 2004, the date of his federal sentencing.  The court also agreed petitioner was not entitled to credit for the time period beginning when he was transferred to state custody after his federal sentencing.  The court remanded the case for a determination as to whether petitioner is entitled

to credit from the date his federal sentence was imposed to the date he was transferred to state custody.

Petitioner's federal sentence was imposed on July 29, 2004, and he was transferred to state custody on August 23, 2004.  The magistrate judge concluded petitioner was not entitled to credit towards his federal sentence for this period time because during that period of time he was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*.  In addition, documents submitted by the respondent established that he received credit towards his state sentence for all periods of time after his federal sentence was imposed.

Documents filed by the respondent show that on July 23, 2003, the State of Texas moved to revoke petitioner's placement on deferred adjudication and issued an *alias capias* warrant providing for his arrest.  At that time, Texas had primary jurisdiction over him.  Petitioner's objections contesting this are without merit.  The state warrant was executed on July 31, and petitioner was taken to the Fort Bend County Jail.

On January 13, 2004, petitioner was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*.  He remained in federal custody pursuant to this writ through his federal sentence date and until he was returned to state custody on August 23, 2004. Petitioner received credit towards his state sentence for time spent in federal custody pursuant to the writ.  The magistrate judge correctly stated that so long as an inmate receives credit towards a state sentence for time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, he is not entitled to also receive credit towards his federal sentence.  *Lopez v. Jeter*, 170 F. App'x 894, 895 (5th Cir. 2006) (citing  *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985)).  Petitioner's objections to the contrary are without merit.

## ORDER

Accordingly, the objections filed by petitioner (#51) to the Report and Recommendation are **OVERRULED.**  The findings of fact and conclusions of law of the magistrate judge are

correct, and the Report of the magistrate judge (# 46) is **ADOPTED**. A final judgment shall be entered denying the petition.

      SIGNED at Beaumont, Texas, this 8th day of March, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE